IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GREAT AMERICAN INSURANCE COMPANY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:15-CV-75-L** |
| **JOHN GOIN AND HOPE CRUMP,** | § § | |
| Defendants, | § § | |
| **JOHN GOIN,** | § § | |
| Third Party Plaintiff, | § § | |
| v. | § § | |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** | § § § | |
| Third Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant John Goin's Corrected Motion for Extension of Time to Designate Expert Witnesses (Doc. 136), filed October 20, 2016; and Defendant Hope Crump's Corrected Motion for Extension of Time to Designate Expert Witnesses (Doc. 139), filed October 21, 2016. Defendants John Goin ("Goin") and Hope Crump ("Crump") (collectively, "Defendants") request that the court further extend their expert designation deadline from November 7, 2016, to December 30, 2016. Third party Defendant Travelers Property Casualty Company of America ("Travelers") is unopposed to the motions. Plaintiff Great American Insurance Company ("Plaintiff" or "Great American") is not opposed to a continuance to November 21, 2016, but opposes the

**Memorandum Opinion and Order- Page 1**

requested extensions in the motions on the grounds that they were previously granted an extension on September 2, 2016, to file their expert designations, and Defendants have not shown good cause for further extension of their expert designation deadline and amendment of the scheduling order under Federal Rule of Civil Procedure 16(b). The court agrees. Accordingly, after having considered Defendants' motions, Great American's response, Defendants' joint reply ("Joint Reply"), the record, and applicable law, the court **denies** Defendant John Goin's Corrected Motion for Extension of Time to Designate Expert Witnesses (Doc. 136) and Defendant Hope Crump's Corrected Motion for Extension of Time to Designate Expert Witnesses (Doc. 139).

**I.     Standard Applicable to Modification of a Scheduling Order**

Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id*. (internal quotation marks, brackets, and citations omitted).

II.     Analysis

In their motions, Defendants maintain that they have sought the depositions of "key claim handling witnesses" Matt Wilson, Jim Siessel, Mark Bennett, and Donald Stoeckel, and made good faith attempts to schedule these depositions, but the number of interested parties in this matter, as well as the parallel state case pending in Fannin County have resulted in scheduling difficulties. Defs.' Mots. 2 (Docs. 136, 139).  Defendants assert that what began as a coverage matter has grown beyond that and, as a result of the significant amendments to the parties' pleadings in early October 2016, there remains little time to complete necessary discovery, particularly given the intervening Thanksgiving, Christmas, and New Year's holidays.  Defs.' Jt. Repy 7.  Defendants further assert that the attorney for Travelers and the Turnover Receiver in the related state case experienced recent deaths in their families that necessitated the cancellation of scheduled depositions. Defendants contend that the parties had agreed to deposition dates for most of the remaining witnesses, but agreement was withdrawn because of outstanding discovery disputes in the state case, and, as a result, all such discovery in the state court case is "on hold" until resolved. Def.'s Mot. 2 (Doc. 139). According to Defendants, "[i]t would be inefficient to secure expert reports without first deposing fact witnesses." Defs.' Mots. 2 (Docs. 136, 139).

In their Joint Reply, Defendants acknowledge that they must show good cause to extend the scheduling order deadline to designate experts and attempt to bolster their motions with additional information to meet this standard.  The court, nevertheless, concludes that Defendants have not shown good cause under Rule 16(b), that is, that they could not have reasonably met the expert deadlines in the scheduling order despite the exercise of diligence. On August 30, 2016, Crump filed an agreed motion to extend Defendants' expert designation deadline to October 24, 2016, and the

**Memorandum Opinion and Order- Page 3**

discovery deadline to December 23, 2016.  The court granted the motion on September 2, 2016, and gave Defendants until November 7, 2016, to file their expert designations and extended discovery to January 6, 2017—two more weeks than was originally requested.

In the August 30, 2016 motion, Crump similarly cited deposition scheduling difficulties as the basis for the requested extensions.  Defendants assert in their Joint Reply that they "have been diligently working to schedule" these and other fact witness depositions, but "despite their best efforts to do so, [they] have been unable to secure deposition[] [dates] before now for the four insurance claim adjusters for Great American and Travelers. Defs.' Jt. Reply 4-5. According to their Joint Reply, however, Defendants waited until some unidentified date in October 2016, at least one month after the court granted the first request for extension of expert deadlines on September 2, 2016, before attempting to schedule these depositions.

Defendants assert that Great American and Travelers have offered dates in November and December 2016 to depose the four adjusters, and depositions are tentatively scheduled for these dates. Defendants also state that they reluctantly agreed to these dates in an effort to secure the depositions, but, again, they do not explain why they waited until October 2016 to request deposition dates for four witnesses alleged to be "key" and necessary for preparation of expert reports due on November 7, 2016.  The delay in scheduling these depositions is particularly perplexing since this case will have been pending two years as of January 12, 2017, and Defendants acknowledge in their Joint Reply that conducting discovery so close to the holidays will be difficult.  In their motions, Defendants seem to suggest that the depositions of other fact witnesses should also be completed before their experts prepare reports; however, no explanation other than efficiency is offered.

**Memorandum Opinion and Order- Page 4**

In addition, Defendants provide little information about the depositions that allegedly had to be rescheduled as a result of recent family deaths experienced by Travelers' attorney, and they do not explain why depositions scheduled in this case require the presence of the Turnover Receiver, who is a party to Goin's Fannin County lawsuit. Notwithstanding Defendants' contentions regarding the alleged discovery dispute in the related Fannin County case, no motion to compel the depositions sought by Defendants in this case has been filed to date, presumably because it would be difficult for Defendants to compel depositions that were not requested prior to October 2016, and only a short time before expiration of their extended expert designation deadline.

Moreover, the discovery dispute in the Fannin County case alluded to in Defendants' motions and the predicament Defendants now find themselves in having to prosecute and defends claims asserted in the parallel actions was created by Goin, who filed the state court action against Great American, Travelers, and his former employer Mica Corporation ("Mica") *after* this declaratory judgment action was brought by Great American in federal court against Goin and Crump. Great American filed this action on January 12, 2015, seeking a declaratory judgment regarding a commercial umbrella liability insurance policy issued by Great American to Mica. It was not until default was entered against Goin and Great American moved for default judgment on March 3, 2015, that Goin appeared for the first time in this action on June 3, 2015. Instead of responding to the motion for default judgment, Goin contended that the court should abstain from exercising jurisdiction and dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) in light of the related state court case filed by him on April 20, 2016, *four months after the present case was initiated*. Goin contends, and the court agrees, that his claims against Great American and Travelers in this case and the related state case are virtually identical. Goin's strategic decision to

**Memorandum Opinion and Order- Page 5**

file the related litigation, however, does not affect the court's jurisdiction or resolution of the claims asserted in this case.

Further, district courts have broad discretion in controlling and managing their dockets to prevent undue delays in the disposition of pending cases and have no obligation to grant an extension that interferes with this inherent authority, especially when a party has not been diligent. *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (affirming denial of request to continue expert report deadline and reasoning that district judges have the inherent power to control their dockets by refusing to give ineffective or nondiligent litigants a "second chance to develop their case."); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (concluding that federal courts have inherent authority "to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority."); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) ("The district court has broad discretion in the management of its docket and the trial of lawsuits pending before it."). While the court makes an effort to accommodate the parties when possible in scheduling case deadlines and trials, it cannot always arrange its busy civil and criminal dockets around the parties' or their attorneys' schedules, particularly when, as here, the litigants have not demonstrated that they exercised diligence in meeting a deadline that was previously continued.

Additionally, Defendants assert in their respective motions that the requested extension is not sought for purposes of delay and will not prejudice any other parties, but they provide no explanation for this conclusory statement. In their Joint Reply, Defendants contend for the first time that Plaintiff will not be prejudiced because any prejudice can be cured by a brief continuance of the discovery deadline to allow Plaintiff and Travelers to depose Defendants' experts, which, according

to Defendants, will not affect the trial of this case or other deadlines. This contention not only conflicts with Defendants' assertion regarding the need for additional discovery in light of the parties' amended pleadings and the difficulty of completing such discovery in light of the upcoming holidays, but also contradicts the assurances in Goin's October 3, 2016 motion for leave to amend his pleadings that discovery in this case would not be affected by the proposed amendment.

The court further determines that Defendants' proposed "fix" of truncating or substantially limiting the amount of time that Plaintiff or Travelers has to conduct expert discovery over a short period of time that includes the New Year's holiday and weekend is unreasonable and unfair given the amount of time Defendants have had to conduct discovery. The amount of time that Plaintiff and Travelers have to prepare rebuttal expert reports and expert challenges would also be substantially circumscribed. Thus, the court disagrees that the requested continuance will not prejudice Plaintiff or Travelers or affect the other scheduling order deadlines, including the deadlines for rebuttal experts, challenges to experts, summary judgment motions, and the trial date, as well as the amount of time that the court has to rule on expert challenges and dispositive motions before the pretrial materials deadline. In addition, a continuance of the trial would likely prejudice Plaintiff and Travelers given the age of this case and the likelihood that the court would not be able to try this case until late 2017 because of the court's busy trial docket.

Accordingly, consideration of the applicable factors weigh against granting Defendants' request to further continue by almost two months their expert designation deadline. On the other hand, if the parties wish to stipulate to a shorter extension of November 21, 2016, as proposed by Great American, and a brief continuance of the discovery deadline, they may do so. The court,

**Memorandum Opinion and Order- Page 7**

however, will not entertain any discovery disputes that arise as a result of an agreement between the parties.

### III. Conclusion

The court concludes that Defendants have not established good cause for their request to further extend by almost two additional months their expert designation deadlines. For this reason and in light of the age of this case, the court **denies** Defendant John Goin's Corrected Motion for Extension of Time to Designate Expert Witnesses (Doc. 136) and Defendant Hope Crump's Corrected Motion for Extension of Time to Designate Expert Witnesses (Doc. 139).

**It is so ordered** this 16th day of November, 2016.

Sam A. Lindsay
United States District Judge