IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY,** § § § | |
| Plaintiff, § | |
| v. § § | Civil Action No. **3:15-CV-75-L** |
| **JOHN GOIN AND HOPE CRUMP,** § § | |
| Defendants, § § | |
| **JOHN GOIN,** § § | |
| Third-Party Plaintiff, § § | |
| v. § § | |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** § § § | |
| Third-Party Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Travelers' Supplemental Motion to Dismiss (Doc. 128), filed October 19, 2016; Third-Party Plaintiff John Goin's Motion to Compel and Request for In Camera Inspection Against Travelers Property Casualty Company of America (Doc. 190), filed February 16, 2017; Motion for Leave to File an Amended Complaint (Doc. 193), filed February 22, 2017; Motion for Leave to File a Responsive Pleading (Doc. 195), filed February 22, 2017; Defendant and Third-Party Plaintiff John Goin's Motion for Partial Summary Judgment (Doc. 198), filed February 23, 2017; Travelers' Motion to Exclude Testimony of Joe K. Longley (Doc. 201), filed February 23, 2017; Travelers' Motion to Exclude Testimony of Adam B. LeCrone (Doc. 202), filed February 23, 2017; Travelers' Motion for Summary Judgment (Doc. 203), filed February 23, 2017; Third-Party Plaintiff

**Memorandum Opinion and Order – Page 1**

John C. Goin's Motion to Dismiss or Abstain and Motion for Voluntary Dismissal, Subject to, Dismissal of All Claims Without Prejudice (Doc. 206), filed February 23, 2017; Turnover Receiver Kristina N. Kastl's Partially Unopposed Motion to Intervene (Doc. 212), filed March 2, 2017; and Turnover Receiver Kristina N. Kastl's Emergency Motion to Stay (Doc. 252), filed July 3, 2017.

After considering the motions, briefs, pleadings, record in this case, and applicable law, the court **grants in part** Defendant and Third-Party Plaintiff John Goin's Motion for Partial Summary Judgment (Doc. 198) with respect to Travelers Property Casualty Company of America's ("Travelers") declaratory judgment action, **denies** Travelers' Motion for Summary Judgment (Doc. 203) as to its declaratory judgment action, and **dismisses without prejudice** Travelers' declaratory judgment action as duplicative of the claims asserted by John Goin ("Goin").[1] Defendant and Third-Party Plaintiff John Goin's Motion for Partial Summary Judgment (Doc. 198) is otherwise **denied as moot**, as the court determines that Third-Party Plaintiff John C. Goin's Motion for Voluntary Dismissal, Subject to, Dismissal of All Claims Without Prejudice (Doc. 206) should be and is hereby **granted** such that John Goin's third-party claims against Travelers are **dismissed without prejudice**. Third-Party Plaintiff John C. Goin's Motion to Dismiss or Abstain (Doc. 206) is **denied as moot**, together with the other pending motions in this case (Docs. 128, 190, 193, 195, 201, 202, 212, 252).

---

[1] Although summary judgment normally involves a ruling on the merits, the court determines that Travelers' declaratory judgment action should be dismissed without prejudice, as the court is exercising its discretion not to address the merits of the relief requested by Travelers and instead is dismissing the declaratory judgement action as duplicative of the relief sought by Goin against Travelers in this case. Moreover, as herein explained, the court need not reach the merits of Goin's third-party claims against Travelers because it determines that Goin's motion to dismiss without prejudice these claims under Rule 41(a)(2) should be granted given the unusual procedural posture of this case, the existence of the parallel action pending in Fannin County, Texas, which involves the same claims asserted by Goin and Travelers, and the court's uncertainty as to whether Travelers has requested declaratory relief in the Fannin County action, and, if so, whether it did so before Goin sought similar relief against Travelers. Accordingly, for these reasons, Travelers' declaratory judgment action will be dismissed without prejudice rather than with prejudice.

**Memorandum Opinion and Order – Page 2**

## I. Factual and Procedural Background

This declaratory judgment action arises out of an insurance coverage dispute following an automobile accident that occurred on January 26, 2012, in Anderson County, Texas, involving Goin and Hope Crump ("Crump").[2] Goin was driving a truck owned by his employer, MICA Corporation ("MICA")[3] when the single-vehicle accident occurred that seriously and permanently injured his passenger Hope. At the time of the accident, MICA was a named insured under Commercial Insurance Policy No. VTC2J-CAP-5458B624-TIL-11 ("Travelers Policy) issued by Travelers Property Casualty Company of America ("Travelers") and Commercial Umbrella Policy No. TUU5578170-05 issued by Great American Insurance Company ("Great American") ("Great American Policy"). Goin pleaded guilty to and was convicted of intoxication assault and is currently serving a twelve-year sentence for the offense as an inmate in a Texas Department of Criminal Justice facility located in Fannin County, Texas.

On March 8, 2012, Crump brought a state court action (No. DC 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) against Goin and MICA in the 369th Judicial District Court, Anderson County, Texas ("Anderson County Action") to recover damages for the personal injuries she sustained as a result of the automobile accident. The Anderson County Action was nonsuited by Crump on January 14, 2013, pending resolution of Goin's criminal case. On April 4, 2013, after Goin's criminal case concluded, Crump filed a second state lawsuit (Case No. DC-13-03801-D) in the 95th Judicial District Court, Dallas County, Texas, against Goin, MICA, and Ford Motor Company ("Dallas County Action"). Crump

---

[2] Unless otherwise stated herein, the facts set forth in this opinion are undisputed.

[3] MICA is a Fort Worth-based contractor that provides and installs highway lighting, signs, and Intelligent Transportation Systems throughout the state of Texas. On January 23, 2012, Goin was assigned by MICA to work on a construction project in Smith County, Texas, as part of an out-of-town work crew.

settled her claims against MICA and dismissed her claims against MICA and Ford in the Dallas County Action. Crump's claims against Goin proceeded to trial. A jury determined that Goin was 60% responsible for the accident, and Crump was 40% responsible. Based on the jury's verdict, a judgment of more than $10 million was entered against Goin in the Dallas County Action.

On January 12, 2015, Great American initiated this action by filing an Original Complaint against Goin and Hope, seeking a declaratory judgment that Goin does not qualify as an insured under the Great American Policy. In April 2015, Goin filed a separate lawsuit against Travelers, Great American, and MICA in Dallas County, Texas. This lawsuit was subsequently transferred to Fannin County, Texas ("Fannin County Action") where it is pending. Goin also asserted a malpractice claim against his former attorney in the Fannin County Action. A turnover receiver was appointed in the state court action to take possession of Goin's nonexempt assets, including any causes of action he may have against MICA, Travelers, and Great American.

In March 2016, Goin asserted counterclaims against Great American and third-party claims against Travelers in this federal action based on theories of breach of the insurance policies issued by Great American and Travelers for failure to defend and indemnify him in the action(s) brought by Crump; violations of the Texas Insurance Code and Deceptive Trade Practices Act; fraud; breach of the duty of good faith and fair dealing; breach of fiduciary duty; conspiracy; promissory estoppel; and unjust enrichment. Travelers in response sought a declaration judgment against Goin that it had no duty to defend or indemnify Goin in the Dallas County Action under the Travelers Policy. Travelers also asserted a tortious interference claim against Goin and a breach of contract claim against Crump, which were voluntarily dismissed by stipulation. Travelers' Summ. J. Br. 6 (Doc. 204). The original claims between Great American, Goin, and Crump were also settled by

agreement and dismissed with prejudice, leaving only Goin's third-party claims against Travelers and Travelers' request for declaratory judgment against Goin pending. Goin and Travelers agree that the claims asserted by Goin in this case and the parallel Fannin County Action are virtually identical.

The motions that are the subject of this opinion, including the state court receiver's motion to intervene in and stay this case and Goin's motion to voluntarily dismiss without prejudice his third-party claims against Travelers in light of the Fannin County Action, were filed between October 2016 and July 2017. For the reasons herein explained, the court determines that Goin's summary judgment motion as to Travelers' declaratory judgment action should be granted, as Travelers' declaratory judgment action regarding its duty to defend and indemnify Goin is the mirror image of Goin's breach of contract claim based on Goin's contention that Travelers breached its duty under the Travelers Policy by failing to defend and indemnify him. Dismissal of Travelers' declaratory judgment action leaves only Goin's third-party claims against Travelers. As Goin's claims are the same as those asserted by him in the pending Fannin County state court action, the court determines for this and other reasons that granting his request to voluntarily dismiss without prejudice these claims pursuant to Federal Rule of Civil Procedure 41(a)(2) is appropriate, and proceeding in this manner will moot all other pending motions in this case and the relief requested in those motions.

## II.     Goin's and Travelers' Summary Judgment Motions

### A.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B. Analysis**

**1. Travelers' Declaratory Judgment Action**

Both parties moved for summary judgment with respect to Travelers' declaratory judgment action. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the [DJA] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The DJA is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

Goin contends that he is entitled to summary judgment on Travelers' declaratory judgment action because it is duplicative of his breach of contract claim. Travelers does not deny that its

declaratory judgment action is duplicative of Goin's breach of contract claim and instead asserts that resolution of this issue is not outcome determinative because the court's dismissal of its request for declaratory judgment does not dispose of Goin's claim that Travelers owed Goin the duties to defend and indemnify him and the parties' summary judgment motions regarding this claim.

This court has previously declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case. *See Federal Nat'l Mortg. Ass'n v. K.O. Realty*, Inc., No. 3:13-CV-2781-L, 2014 WL 3900619, at *8 (N.D. Tex. 2014). Further, district courts in this Circuit regularly reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit. *See American Equip. Co., Inc. v. Turner Bros. Crane and Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (collecting cases). As the parties acknowledge, Travelers' request for declaratory judgment regarding its duty to defend and indemnify Goin is the mirror image of Goin's breach of contract claim. Accordingly, because Travelers' request for declaratory judgment in this regard is duplicative, the court **grants** Goin's summary judgment motion as to this claim, **denies** Travelers' summary judgment motion as to this claim, and **dismisses without prejudice** Travelers' declaratory judgment action because it serves no useful purpose and does not serve the purposes of judicial economy. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.").

### 2. Goin's Third-Party Claims Against Travelers

Instead of addressing the other grounds raised by the parties as to Goin's remaining third-party claims against Travelers, the court **denies as moot** the parties' summary judgment motions as to these claims because, for the reasons explained below, the court determines that Goin's motion to voluntarily dismiss without prejudice his remaining third-party claims against Travelers should be granted.

### III. Goin's Motion to Dismiss or Abstain and Motion for Voluntary Dismiss, Subject to, Dismissal of All Claims Without Prejudice (Doc. 206)

Goin contends for a number of reasons that the court should dismiss without prejudice his third-party claims under Rule 41(a)(2) after dismissing Travelers' declaratory judgment action or exercise its discretion and abstain from ruling on the remaining claims in this case because the same claims are pending in the Fannin County Action.

Travelers opposes Goin's request to voluntarily dismiss without prejudice his claims under Rule 41(a)(2) given the late stage of the litigation, the significant effort and resources expended by the parties in conducting discovery and motion practice, the amount of judicial resources expended by the court, and Goin's strategic decision to file identical claims in this action and the Fannin County Action. In this regard Travelers asserts that it:

> has dispositive and pretrial motions pending, and it will lose the potential benefit of those motions should the Court dismiss this case at this hour. Since the state court case is not as far along, a dismissal of this case under Rule 41(a)(2) would, in a sense, force Travelers back to the drawing board in deciding how to best re-tee up the legal and evidentiary issues for court resolution.

Travelers' Resp. 4 (Doc. 218). Travelers further asserts that Goin can only voluntarily dismiss without prejudice his claims in this action over its objection by court order if its counterclaim for declaratory judgment remains for independent adjudication as required by Rule 41(a)(2).

Goin replies that dismissal of Travelers' declaratory judgment counterclaim is appropriate because it is duplicative of his claims, and Travelers has not shown that it will suffer plain legal prejudice if his remaining third-party claims in this action are dismissed without prejudice under Rule 41(a)(2).

Under Rule 41(a)(2), the court may dismiss an action at the plaintiff's request "on terms that the court considers proper." In ruling on a motion under Rule 41(a)(2), the court considers the risk of prejudice to the nonmovant and whether dismissal of an action will result in "plain legal prejudice" to the nonmovant. *Benson v. Trinity Indus., Inc.*, No. 3:14-CV-746-L, 2016 WL 6496425, at *1 (N.D. Tex. Feb. 1, 2016). "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice," although a court may, in its discretion, deny a plaintiff's request for voluntary dismissal when the plaintiff seeks dismissal in the late stage of litigation after the defendant has exerted significant time and effort. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)).

The court agrees with Goin that, notwithstanding the late stage of the litigation, Travelers has not shown that it will suffer plain legal prejudice if the court dismisses without prejudice Goin's remaining third-party claims against Travelers. The court has already dismissed without prejudice as duplicative Travelers' declaratory judgment action, and Travelers acknowledges in its summary judgment brief that it previously stipulated to the dismissal of its other counterclaims, such that only

Goin's third-party claims against Travelers remain because Great American, Goin, and Crump previously settled and agreed to dismiss with prejudice their claims against each other. Travelers is correct that this case has been pending for some time. During the time that the case has been pending, however, the court has not addressed the merits of any claims asserted in this case.

Moreover, while this case was set for trial, the court stayed all trial and pretrial deadlines pending its resolution of the pending motions so that the parties would not have to undertake unnecessary trial preparation. Additionally, Travelers will be able to use the discovery conducted and legal arguments asserted in this action in the Fannin County Action to which Travelers is a party and which Travelers acknowledges is still in its early stages. Proceeding in this manner will also avoid potentially conflicting outcomes with respect to the same claims pending in both cases and promote judicial economy, as all remaining parties and claims are before the Fannin County court, including the turnover receiver's interest and Goin's malpractice claims, which are not before this court.

Accordingly, the court **grants** Third-Party Plaintiff John C. Goin's Motion for Voluntary Dismissal, Subject to, Dismissal of All Claims Without Prejudice (Doc. 206), **dismisses without prejudice** John Goin's third-party claims against Travelers pursuant to Rule 41(a)(2); and **denies as moot** Goin's alternative Motion to Dismiss or Abstain (Doc. 206).

### IV. Remaining Miscellaneous Motions Mooted

The court's rulings regarding the parties' summary judgment motions and Goin's request to voluntarily dismiss without prejudice his third-party claims against Travelers moot the other pending motions in this case, which the court **denies as moot** (Docs. 128, 190, 193, 195, 201, 202, 212, 252).

## V. Conclusion

For the reasons stated, the court **grants in part** Defendant and Third-Party Plaintiff John Goin's Motion for Partial Summary Judgment (Doc. 198) with respect to Travelers' duplicative request for declaratory judgment, **denies** Travelers' Motion for Summary Judgment (Doc. 203) as to its declaratory judgment action, and **dismisses without prejudice** Travelers' declaratory judgment action as duplicative of the claims asserted by Goin. All other relief requested in Defendant and Third-Party Plaintiff John Goin's Motion for Partial Summary Judgment (Doc. 198) and Travelers' Motion for Summary Judgment (Doc. 203) is **denied as moot**, as the court **grants** Third-Party Plaintiff John C. Goin's Motion for Voluntary Dismissal, Subject to, Dismissal of All Claims Without Prejudice (Doc. 206), and **dismisses without prejudice** John Goin's third-party claims against Travelers pursuant to Rule 41(a)(2). Third-Party Plaintiff John C. Goin's Motion to Dismiss or Abstain (Doc. 206) is **denied as moot**, together with the other pending motions in this case (Docs. 128, 190, 193, 195, 201, 202, 212, 252). Further, the court **directs** the clerk of the court to close this case, as this order disposes of all remaining motions and claims asserted by the parties.

**It is so ordered** this 25th day of September, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge